**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| HISHAM EL-AMIN, | ) CASE NO. 3:08-cv-02956 |
| Petitioner, | ) JUDGE SOLOMON OLIVER, JR. |
| v. | ) MAGISTRATE JUDGE GREG WHITE |
| WARDEN, Toledo Correctional Institution | ) |
| Respondent. | ) **REPORT AND RECOMMENDATION** |

Petitioner, Hisham El-Amin ("El-Amin"), challenges the constitutionality of his conviction in the case of *State v. El Amin*, Lucas County Court of Common Pleas Case No. CR-03-3244. El-Amin, represented by counsel, Deborah Kovac Rump, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on December 18, 2008. On March 23, 2009, the Warden of the Toledo Correctional Institution, Robert Welch ("Respondent"), filed his Answer/Return of Writ. (Doc. No. 8.) El-Amin filed his Traverse on May 13, 2009. (Doc. No. 11.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that El-Amin's petition be DENIED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate

court summarized the facts underlying El-Amin's conviction as follows:

> [*P9] The following undisputed facts are relevant to the issues raised on appeal. This case arises from sexual activity transpiring between a minor girl and an adult male friend of the girl's father. The victim, now 18 years of age, was 12 years of age at the time when her father's friend and neighbor initiated forced sexual intercourse with the girl. The victim's father would routinely instruct her to go visit with appellant. These visits were a pretext for appellant's sexual designs on the girl. These sexual encounters continued with regularity over the course of many months.
>
> [*P10] The victim would frequently have weekend visitation with her father. The victim's father had an apartment on Bancroft Street in Toledo. In addition, the victim's father would spend time at a ranch on Angola Road in western Lucas County affiliated with his best friend and religious leader, the appellant.
>
> [*P11] The record reflects that both locations in which the victim's father resided were in immediate proximity to appellant. Appellant is the best friend and Muslim spiritual adviser, commonly referred to as an Imam, of the victim's father. Appellant maintained an apartment in the same building in the vicinity of Bancroft Street and Ashland Avenue in central Toledo where the victim's father had an apartment. Appellant's religious followers, including the victim's father, also spent a considerable amount of time with appellant at a five acre ranch property in western Lucas County.
>
> [*P12] When the victim was 15 years of age, she was now living with an aunt. She disclosed to her aunt that appellant had engaged in sexual activity and intercourse with her on numerous occasions during her past visits with her father. These events occurred several years earlier, both at the apartment building on Bancroft Street as well as the ranch in western Lucas County.
>
> [*P13] The victim revealed that she had not initially reported these events based upon her fear that her disclosure would get her father into legal trouble. The victim further described the genesis of these events and indicated that her father's best friend, the Imam, was promised by her father that he could marry the victim. In fact, the record demonstrates that the victim's father encouraged her relationship with the Imam.

*State v. El-Amin*, 2007-Ohio-3949, 2007 Ohio App. LEXIS 3610 (Ohio Ct. App., Aug. 3, 2007).

## II.  Procedural History

**A.  Conviction**

On October 10, 2003, the Lucas County Grand Jury charged El-Amin with two counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(1)(b).  On July 7, 2005, a jury found El-Amin guilty as charged.  On August 5, 2005, the trial court sentenced El-Amin to a term of ten years incarceration on each count.  The sentences were to be served consecutively.

**B.  Direct Appeal**

On September 6, 2005, El-Amin, through new counsel Sam Weiner, filed a Notice of Appeal with the Court of Appeals for the Sixth Appellate District ("state appellate court"). (Doc. No. 9, Exh. 2.)  El-Amin raised the following assignments of error:

1. Proof of venue need not be made in express terms, but can be shown by the totality of facts and circumstances.  This Court has held that where the facts and circumstances prove the city or township where the offense occurred, venue is established.  At trial, the State failed to prove venue by express terms.  The facts and circumstances prove only that the crime happened at an apartment building on Bancroft.  Did the trial court err in ruling that a reasonable juror could have found venue established?

2. An expert witness may not give an opinion as to the veracity of the statements of a child declarant, and cannot testify that a victim was abused where the victim is articulate, competent, and testifies at trial.  In this case, the social worker opined Jasmine Valentine was telling the truth, and that she had been raped.  El-Amin failed to object.  Must the Court find plain error occurred?

3. The trial court ordered the State to limit Larson's testimony to explaining delayed reporting.  The State nonetheless elicited opinion testimony from her that Jasmine Valentine was telling the truth and that she had been raped. El-Amin failed to object.  Must the Court find that plain error occurred?

4. Under R.C. § 2907.02(d), evidence of other acts of the defendant's sexual activity is admissible only to the extent that the trial court finds it material to a fact at issue, and that its inflammatory or prejudicial nature does not outweigh its probative value.  When the trial court decided to admit evidence

>    of acts other than those alleged in the indictment, it failed to state how the evidence was material, and find that the inflammatory or prejudicial nature of the evidence did not outweigh its probative value. Did the trial court abuse its discretion?
>
> 5. Ineffective assistance of counsel occurs where counsel's representation was below an objective standard of reasonableness, and if not for counsel's errors, there is a reasonable chance that the result of the trial would have been different. Counsel's most egregious errors were that he failed to (1) cross examine an important witness, (2) preserve objections to evidence, (3) object to unfairly prejudicial expert opinions given in violation of precedent and the trial court's own order, and (4) *voir dire* a jury member for prejudice during deliberations. Was El-Amin's Sixth Amendment right to counsel violated?
>
> 6. The Ohio Supreme Court has struck down certain statutes authorizing enhanced and consecutive sentences based on judge-found facts, and ordered remand and resentencing for any case pending on appeal at the time it so ruled. El-Amin's sentences were enhanced and ordered to run consecutively under the statutes held unconstitutional, and his case was pending at the time they were struck down. Must the Court reverse El-Amin's sentence and remand for new sentencing?

(Doc. No. 9, Exh. 5.)

On August 3, 2007, the state appellate court affirmed El-Amin's conviction, but remanded the case to the trial court for resentencing in light of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470 (Ohio 2006).[1] (Doc. No. 9, Exh. 8.) On September 17, 2007, El-Amin filed a Notice of Appeal with the Supreme Court of Ohio. (Doc. No. 9, Exh. 9.) He raised the following propositions of law:

> 1. When a motion for judgment of acquittal is denied and properly preserved, review of the ruling is confined to the evidence in the State's case-in-chief. Since the lower court, in upholding the trial court's ruling, relied on evidence adduced outside the State's case-in-chief, it committed reversible error.

---

[1] The record provided to the Court does not reflect the result of the resentencing. However, El-Amin has not alleged any constitutional error with respect to his sentence.

-4-

2. Reviewing courts cannot add facts to the record and use them to decide an appeal. The lower court added to the record that the offenses occurred on Bancroft "street in Toledo, Ohio", and "in the vicinity of Bancroft Street and Ashland Avenue in central Toledo", and used those facts to overrule El-Amin's venue challenge. The lower court's decision thus violates El-Amin's right to trial by jury under the Sixth Amendment to the United States Constitution, Section I, Article 10 of the Ohio Constitution, and Appellate Rule 9(a).

3. An expert witness cannot vouch for the veracity of the statements of a child declarant. At trial, the social worker testified that she had rendered therapy to Valentine, and that she had never seen a single instance of false reporting by an adolescent. That violated El-Amin's right to trial by jury under the Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

4. Appellate Rule 12(A)(1)(b) requires courts to determine appeals on their merits based upon, *inter alia*, oral argument. At argument, El-Amin noted that he had preserved his objection to the social worker's testimony. But in its decision, the lower court reviewed El-Amin's challenge to her testimony under a plain error standard, which violates El-Amin's Fifth and Fourteenth Amendment due process rights, and App.R. 12(A)(1)(b).

(Doc. No. 9, Exh. 10.)

On December 26, 2007, the appeal was dismissed as not involving any substantial constitutional question. (Doc. No. 9, Exh. 12.) El-Amin filed a Motion for Reconsideration, which was also denied. (Doc. No. 9, Exhs. 13 & 14.)

**C. Application to Reopen Appeal**

On November 7, 2008, El-Amin, represented by new counsel, filed an Application to Reopen his appeal pursuant to Ohio Appellate Rule 26(B). (Doc. No. 9, Exh. 15.) El-Amin argued that appellate counsel was ineffective and should have raised the following assignments of error:

1. Trial counsel was ineffective for not pursuing the motion seeking enforcement of the non-prosecution agreement;

2. Trial counsel was ineffective for not insisting that the non-prosecution agreement be placed on the record;

-5-

>   3. The trial court erred by not having the state file a response and make findings on the record regarding this contractual issue;
>
>   4. El-Amin's right to federal due process and his rights under Ohio Const. art. I, Sec. 10 were violated by the state's refusal to honor the non-prosecution agreement by dismissing the criminal charges after El-Amin passed the polygraph examination, and the trial court not enforcing the agreement as requested.

*Id*.

On November 21, 2008, the state appellate court denied the application as untimely and found that El-Amin failed to establish good cause sufficient to excuse his untimeliness. (Doc. No. 9, Exh. 16.)

**D.  Federal Habeas Petition**

On December 18, 2008, El-Amin filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

>   GROUND ONE:  El-Amin's rights pursuant to the Sixth Amendment of the United States Constitution to have effective assistance of counsel was violated by both his trial and appellate counsel for failing to litigate and preserve the issue involving the nonprosecution agreement.
>
>   GROUND TWO: El-Amin's substantive and procedural rights to federal due process and equal protection were violated by the state's prosecutorial misconduct through its refusal to honor the non-prosecution agreement by dismissing the criminal charges after El-Amin passed the polygraph examination, and the trial court for not enforcing the agreement as requested.
>
>   GROUND THREE: El-Amin's substantive and procedural rights to federal due process and equal protection were violated by the trial court not having the pretrial conferences recorded by a court reporter or otherwise creating a record of the proceedings surrounding the nonprosecution agreement.  And, for failing to create any factual record whatsoever regarding this critical issue.  The absence of any official record prevents El-Amin from being able to adequately and fairly defend himself.

(Doc. No. 3.)

### III. Exhaustion and Procedural Default

**A.  Exhaustion Standard**

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),( c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

**B.  Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate

grounds for precluding relief, the claim is procedurally defaulted.[2] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely

---

[2] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is

actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *See Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D.Ohio 2007).

**C. Application to El-Amin**

In his Answer, Respondent contends that each ground for relief asserted by El-Amin is procedurally defaulted. (Doc. No. 8.) In ground one, El Amin essentially raises two claims. First, he asserts that trial counsel was ineffective for failing to seek the enforcement of an alleged non-prosecution agreement. Second, he argues that appellate counsel was ineffective for failing to raise the issue on appeal. In ground two, El-Amin argues that his Due Process rights were violated when the non-prosecution agreement was not enforced. Finally, in ground three, El-Amin asserts that the trial court failed to record any proceedings concerning the non-prosecution agreement thereby violating his Due Process rights.

After reviewing the record, it is clear that none of El-Amin's habeas grounds were raised on direct appeal despite the fact that these issues were known to him and he was represented by new counsel on appeal. As such, these claims are unexhausted. El-Amin's argument, that the ineffective assistance of counsel claim was implicitly raised on direct appeal, is not well-taken. Though El-Amin, on direct appeal, did argue that trial counsel was ineffective, none of the reasons advanced for this ineffectiveness were related to a non-prosecution agreement. Rather, El-Amin argued that trial counsel was ineffective for failing to do the following: (1) cross

examine an important witness, (2) preserve objections to evidence, (3) object to unfairly prejudicial expert opinions given in violation of precedent and the trial court's own order, and (4) *voir dire* a jury member for prejudice during deliberations.

It is clear that El-Amin never raised these distinct claims before the state appellate court on direct appeal. Ohio's post-conviction relief statute, O.R.C. § 2953.21, has long been interpreted as barring consideration of any issue that was fully litigated before the judgment of conviction or on direct appeal from that judgment, or of any issue that could have been fully litigated before judgment of conviction or on direct appeal but was not. *See State v. Perry*, 10 Ohio St.2d 175, syllabus para. 7 (1967); *State v. Combs*, 100 Ohio App.3d 90, 98 (1994). Thus, El-Amin currently would be unable to raise these claims in state court as they are barred by the doctrine of *res judicata*. As such, these grounds are procedurally defaulted.

The ineffective assistance of appellate counsel claim contained in ground one of El-Amin's petition is also procedurally defaulted. El-Amin attempted to raise this claim before the state appellate court in an application to re-open his appeal pursuant to Ohio App. R. 26(B). (Doc. No. 9, Exh. 15.) The state appellate court found that El-Amin's application was untimely and that he had failed to establish "good cause" sufficient to excuse his untimeliness. (Doc. No. 9, Exh. 16.) The first two prongs of the *Maupin* test are satisfied. Ohio App. R. 26(B), which requires applications for re-opening to be filed within ninety days of an appellate judgment, is applicable to El-Amin's claim. El-Amin failed to comply with the rule. Second, the state appellate court expressly enforced the state procedural sanction. Thus, the dispositive issue is whether Ohio App. R. 26(B) constitutes an "adequate and independent" state ground. *See Maupin*, 785 F.2d at 138. Ohio App. R. 26(B) is an "independent" ground as it is not dependent

on federal constitutional rulings. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). Furthermore, pursuant to Sixth Circuit precedent, Ohio App. R. 26(B) is also "adequate" in non-capital cases as it is regularly or consistently applied by the state courts. *See, e.g., Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002); *Parker v. Bagley*, 2006 U.S. Dist. LEXIS 63499 at **18-20 (N.D. Ohio Sept. 6, 2006); *see also Coleman v. Mitchell*, 244 F.3d 533, 540 (6th Cir. 2001) (finding petitioner's argument – that Ohio App. R. 26(B) is not an adequate and independent state ground to foreclose habeas review – unpersuasive); *Wickline v. Mitchell*, 319 F.3d 813, 823 (6th Cir. 2003) (finding petitioner's ineffective assistance of appellate counsel claim was procedurally defaulted for failing to timely file under Ohio App. R. 26(B)). Thus, El-Amin's ineffective assistance of appellate counsel claim is procedurally defaulted.

El-Amin appears to argue that his procedural default should be excused due to appellate counsel's alleged ineffectiveness. (Doc. No. 11.) His argument is unavailing, as a claim of ineffective assistance of appellate counsel cannot serve as cause to excuse procedural default where that claim too is procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("'[A] claim of ineffective assistance,' ... generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" (*quoting Carrier*, 477 U.S. at 489)). El-Amin failed to raise a timely ineffective assistance of counsel claim. Therefore, as El-Amin's ineffective assistance of appellate counsel claim is itself defaulted, it cannot constitute cause to excuse the default of his other claims.

Finally, El-Amin asserts that he is actually innocent and that his procedural default should be excused to prevent a manifest injustice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough to establish actual innocence. El-Amin must

"support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D. Ohio, 2007). Here, El-Amin's actual innocence claim is unsupported by any *new* reliable evidence. He relies only on a polygraph examination taken prior to his trial. This kind of evidence is rarely considered reliable. Even if it were to be construed as such, El-Amin fails to satisfy the requirement that the evidence supporting his actual innocence claim be "new." He simply rehashes evidence that he knew existed prior to trial. The threshold for "manifest injustice" is very high. *Murray*, 477 U.S. at 496. Consequently, as El-Amin's procedural default cannot be excused, this Court is barred from reviewing his grounds for relief.

### IV. Conclusion

For the foregoing reasons, it is recommended that El-Amin's Petition be DENIED.

s/ Greg White<br>
U.S. MAGISTRATE JUDGE

Date: June 3, 2009

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**