UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HISHAM EL-AMIN, | ) | Case No.: 3:08 CV 2956 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| ROBERT WELSH, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On December 18, 2008, Petitioner Hisham El-Amin ("El-Amin" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1), pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction for two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b). El-Amin was indicted on these two counts, but pled not guilty to the charges. On July 7, 2005, a jury found him guilty of both counts of rape, and he was sentenced to two consecutive ten year terms of incarceration.

He appealed his conviction and raised the following assignments of error: (1) the trial court erred in ruling that a reasonable juror could have found venue established; (2) the trial court erred in allowing an expert witness to offer an opinion regarding the veracity of statements by the alleged victim, who was a child; (3) the trial court erred in allowing a witness to testify beyond the scope that it previously ordered; (4) the trial court abused its discretion in admitting unduly prejudicial evidence of the defendant's sexual activity other than those alleged in the indictment; (5) the defendant received ineffective assistance of counsel because counsel failed to cross-examine important witnesses,

preserve objections to evidence, object to unfairly prejudicial expert opinions, and *voir dire* a jury member for prejudice during deliberations; and (6) the trial court erred in sentencing the defendant to consecutive sentences under an unconstitutional statute. (El-Amin Direct Appeal, ECF 9-2, Ex. 5.)

The state appellate court affirmed his conviction, but remanded the case for re-sentencing. El-Amin, thereafter, filed an appeal with the Supreme Court of Ohio, again challenging the trial court's venue determination and the testimony of the expert regarding the veracity of the child's testimony. (El-Amin Ohio Supreme Court Appeal, ECF No.9-2, Ex. 10.) He also argued that the state appellate court erred in upholding the trial court's ruling by relying on evidence adduced outside of the state's case-in-chief and in reviewing his challenge to a witness's testimony under the incorrect standard. (*Id.*) The Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.

On November 7, 2008, El-Amin, who was represented by new counsel that currently represents him in this action, filed an Application to Re-Open his appeal. (El-Amin Application to Re-Open, ECF No. 9-2, Ex. 15.) In this Application, he raised the following assignments of error: (1) trial counsel was ineffective for not pursuing his motion seeking enforcement of the non-prosecution agreement; (2) trial counsel was ineffective for not insisting that the non-prosecution agreement be placed on the record; (3) the trial court erred by not having the state file a response and make findings on the record regarding this contractual issue; and (4) his rights were violated by the state's refusal to honor the non-prosecution agreement. (*Id.*) The state appellate court denied the application as untimely and found that he failed to demonstrate good cause to excuse the delay.

These assignments of error all relate to El-Amin's contention that the state breached a non-prosecution agreement that the parties entered into prior to trial. El-Amin alleges that the prosecutor offered to dismiss his case if he took and passed a polygraph examination. The record reflects that he did indeed take a polygraph, which he passed, prior to trial. (Polygraphist Report, ECF No. 1, Ex. B.) He contends that the prosecution did not uphold the agreement and went forward with his case. He also alleges that his trial counsel did not pursue the prosecutor's apparent breach of the non-prosecution agreement because it was in his pecuniary interest for the case to proceed to trial. (Pet'r Traverse at 3, ECF No. 11.) However, trial counsel did submit a Motion to Enforce Conditional Nonprosecution Agreement and Request for Evidentiary Hearing prior to trial. The court did not rule on the Motion, and instead continued with the trial, where El-Amin was convicted.

After the failed attempt to re-open his appeal, El-Amin filed a Petition for Writ of Habeas Corpus before this court. El-Amin asserts the following grounds to support his Petition:

> (1) El-Amin's rights pursuant to the Sixth Amendment of the United States Constitution to have effective assistance of counsel was violated by both his trial counsel and appellate counsel for failing to litigate and preserve the issue involving the non-prosecution agreement.
>
> (2) El-Amin's substantive and procedural rights to federal due process and equal protection were violated by the state's prosecutorial misconduct through its refusal to honor the non-prosecution agreement by dismissing the criminal charges after El-Amin passed the polygraph examination, and the trial court for not enforcing the agreement as requested.
>
> (3) El-Amin's substantive and procedural rights to federal due process and equal protection were violated by the trial court not having the pretrial conferences recorded by a court reporter or otherwise creating a record of the proceedings surrounding the nonproseuction agreement. And, for failing to create any factual record whatsoever regarding this critical issue. The absence of any official record prevents El-Amin from being able to adequately and fairly defend himself.

On March 23, 2009, Respondent Robert Welch ("Respondent") filed a Return of Writ (ECF No. 8), arguing that El-Amin's grounds for habeas relief were procedurally defaulted because he failed to include them in his direct appeal, and his ineffective assistance of counsel claim does not constitute cause because it was also procedurally defaulted. He further argues that even if the grounds were not procedurally defaulted, they fail on the merits because he cannot show that there was a non-prosecution agreement, that the agreement had been reduced to writing, or that the agreement had received court approval.

This court referred the case to Magistrate Judge Greg White ("Magistrate White") for preparation of a Report and Recommendation ("R&R"). Magistrate White agreed with Respondent that Petitioner's grounds were procedurally defaulted because none of them were raised on direct appeal despite the fact that these issues surrounding the non-prosecution agreement were known to El-Amin and he was represented by new counsel on appeal. (R&R at 10, ECF No. 12.) He also found that his ineffective assistance of appellate counsel claim was procedurally defaulted. Although El-Amin raised the issue in his Application to Re-Open, the state appellate court dismissed the request because it was not timely filed and he failed to demonstrate cause to excuse the delay. As such, Magistrate White concluded that the state court had an independent and adequate ground for precluding relief, and this ground is therefore procedurally defaulted.

Magistrate White further found that El-Amin cannot demonstrate cause to excuse his procedural default. He noted that El-Amin appeared to argue that ineffective assistance of appellate counsel caused his default, but he concluded that this reason is insufficient to demonstrate "cause" because the ineffective assistance of appellate counsel argument was also procedurally defaulted. (R&R at 12 (citing *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).)

-4-

He lastly rejected El-Amin's actual innocence argument. He concluded that there was no reliable new evidence that El-Amin introduced, only that he had taken and passed a polygraph examination. He noted that the polygraph examination, however, was not *new* evidence and is generally considered unreliable. Thus, Magistrate White recommended that the court dismiss El-Amin's Petition because his grounds were procedurally defaulted and he failed to demonstrate that the procedural default should be excused.

Petitioner filed an Objection to Magistrate White's Report and Recommendation. (Pet.'s Objection, ECF No. 13.) In the Objection, Petitioner argues that "[h]e believes he has done what is required under federal habeas law to avoid default, and this Court should not adopt the Report and Recommendation." (Pet.'s Objection at 5.) El-Amin further claims that he is entitled to relief to prevent "a fundamental miscarriage of justice" because his trial counsel's ineffective assistance in failing to pursue the non-prosecution agreement issue "precluded him from being able to fully litigate this in direct state appeal." (Pet's Objection at 6.) He also states that "[h]e believes actual innocence is an issue." (*Id.*)

The court finds Petitioner's Objection to the R&R not well-taken. First, he fails to offer any substantive argument to support his claim that he demonstrated cause to overcome procedural default. Second, he claims that a fundamental miscarriage of justice occurred because he was not able to fully litigate the non-prosecution issue on direct appeal; however, he had new counsel on his direct appeal and there was nothing preventing him from raising this argument then. Third, he claims that "actual innocence is an issue," but he fails to direct the court to any new, reliable evidence to support this claim. Lastly, El-Amin's Objection fails to point to any factual or legal error committed in the R&R, and the court fails to find any such error.

After careful, *de novo* review of Magistrate White's R&R, Petitioner's Objections, and all other relevant documents, the court finds that the Magistrate White's conclusions are fully supported by the record and controlling case law.  For the reasons stated above, the court hereby denies El-Amin's Petition (ECF No. 1), and final judgment is hereby entered in favor of Respondent.  The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

                                                    /s/ SOLOMON OLIVER, JR.
                                                    UNITED STATES DISTRICT JUDGE

June 26, 2009